## SENTENCING MINUTES

Date: 04/12/2018

Court Reporter: Tonia Harris
Courtroom Deputy: Margaret Pham
Time: 04:09PM-05:20PM (01:11)

**UNITED STATES of AMERICA**
Case Number: 1:17-CR-00196-TSE-3

V.

**CHELSEA ANNE CANTERBURY**

Counsel/Deft: JOHN C. KIYONAGA     Govt: JESSICA URBAN & MAUREEN CAIN

Court adopts PSI (  ) without exceptions ( X ) with exceptions: letters made a part of PSIR

**SENTENCING GUIDELINES:**                 **Court departs from Guidelines pursuant to:**
Offense Level: 41
Criminal History: I
Imprisonment Range: 324 to 405 months (162-202 months)                       [  ] USSG 5H1.4
Probation Range: Not Authorized                                              [ X ] USSG 5K1.1
Supervised Release Range: Each Count 5 Years
Fine Range: $50,000.00 to $500,000.00                                        [  ] USSG 5C1.2
Restitution: $TBD
Special Assessment: $300.00 ($100.00 as to each count)

**JUDGMENT OF THE COURT:**
[ X ] BOP: 50 months on each count (2, 3, 4) to run concurrent
[ X ] Supervised Release: 5 years on each count (2, 3, 4) to run concurrent
[ X ] Restitution: TBD on May 11, 2018 @ 9:00AM
[ X ] Order of Forfeiture:
[ X ] Special Assessment: $300.00 ($100.00 as to each account)
[ X ] Punitive Fine: $0

**SPECIAL CONDITIONS:**
1. The defendant shall participate in, and successfully complete, a program approved by the United States Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial cost to be paid by the defendant, all as directed by the probation officer.
2. The defendant shall participate in, and successfully complete, a program approved by the United States Probation Office for mental health treatment.   The cost of this program is to be paid by the defendant as directed by the probation officer.
3. The defendant shall waive all rights of confidentiality regarding medical, substance abuse, and mental health treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and treatment providers.
4. The defendant shall not use any sex-related adult telephone services, websites or electronic bulletin boards, and shall submit any requested records to the probation officer to verify her compliance, including, but not limited to, credit card, telephone and cable/satellite television bills.
5. The defendant shall have no contact with minors (other than her daughter) unless approved by the probation officer and supervised by an informed and competent adult.
6. The defendant shall not work or volunteer in any capacity that allows her to have contact with or access to minors.
7. Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall register as a sex offender in any state in which she lives, works, or attends school.
8. The defendant shall have no contact with Ivan Williams, Dennis Davis, Rebecca Hamilton, or the three minor females who were named in the charging document and Statement of Facts.

**RECOMMENDATIONS to BOP:**
[  ] Deft. to be designated to: a BOP facility commensurate w/ his security needs
[  ] Deft. designated to facility to participate in ICC (Boot Camp) type program
[  ] Deft. to participate in the BOP 500 Hour Residential Drug Abuse Treatment program (RDAP)
[  ] Other: _____

**Deft is:** [ X ] Remanded [  ] Self Surrender [  ] Cont'd on same terms and conditions of release    [  ] In Custody